IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-414-FL

| | |
|---|---|
| MONTRESSA B. DEROSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Montressa B. Derosa ("plaintiff") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") on the grounds that she is not disabled. The case is before the court on the Commissioner's motion to dismiss (D.E. 12) plaintiff's complaint on the grounds that it was untimely filed. The motion has been fully briefed[1] and was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) (*see* Docket Entry dated 11 Sept. 2014). For the reasons set forth below, it will be recommended that the Commissioner's motion be allowed and that this action be dismissed.

---

[1] The Commissioner's motion to dismiss is supported by a memorandum (D.E. 13) and three exhibits (D.E. 13-1 through 13-3). Plaintiff filed a memorandum in opposition (D.E. 14) with two exhibits (D.E. 14-1 through 14-2), and the Commissioner filed a reply (D.E. 15).

## I. BACKGROUND

On 9 May 2013, an Administrative Law Judge ("ALJ") issued a decision finding that plaintiff was not disabled and therefore not entitled to DIB or SSI. (ALJ Dec. (D.E. 13-2) 4[2]). Plaintiff sought review of the ALJ's decision by the Appeals Council (*see* D.E. 13-3 at 2), but the Appeals Council denied plaintiff's request for review on 12 May 2014 (*see* D.E. 13-3 at 4). At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff commenced this proceeding for judicial review on 22 July 2014,[3] pursuant to 42 U.S.C. §§ 405(g) (DIB) and 1383(c)(3) (SSI), by filing a motion to proceed *in forma pauperis* (D.E. 1). The following day, 23 July 2014, the court allowed the motion (*see* D.E. 5) and the complaint (D.E. 6) was filed.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Determination of Proper Standard of Review

In her motion to dismiss, the Commissioner contends that plaintiff's complaint should be dismissed as untimely because it was filed more than 60 days after her receipt of the final decision of the Commissioner. However, she fails to cite in either her motion or supporting memorandum the Federal Rule of Civil Procedure under which she is proceeding. While in the memorandum she asserts that the complaint "fails to state a claim upon which relief can be granted" (Comm'r's Mem. 3), suggesting that she is proceeding under Rule 12(b)(6), she described the motion as one to dismiss for lack of subject matter jurisdiction in the docket entries for the motion and memorandum (*see* D.E. text at D.E. 12, 13), suggesting that she is proceeding

---

[2] All page citations to documents filed in this case are to page numbers assigned by the court's CM/ECF electronic filing system.

[3] Although the Commissioner references 23 July 2014 as the commencement date, the filing of the *in forma pauperis* motion tolled the limitations period. *See, e.g., Paulk v. Dep't of Air Force, Chanute Air Force Base*, 830 F.2d 79, 83 (7th Cir. 1987) (holding that the statute of limitations is tolled during the pendency of a motion to proceed *in forma pauperis*).

2

under Rule 12(b)(1). A motion to dismiss a complaint as untimely is generally brought under Rule 12(b)(6). *See Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 496 n.5 (E.D. Va. 2002) ("An expiration of the statute of limitations is properly analyzed under a [Rule 12(b)(6)] standard."); *see also Veith v. United States*, No. CIV.A 98-0074-R, 1998 WL 920398, *2 n.3 (W.D. Va. 16 Nov. 1998) ("[W]here the statute of limitations is not a jurisdictional issue, the statute of limitations is normally raised in a motion to dismiss under rule 12(b)(6) rather than 12(b)(1).").

Here, however, both the Commissioner and plaintiff submitted documents relating to the date that the Appeals Council Notice was sent to and/or received by plaintiff, including a declaration (D.E. 13-1) by Kathie Hartt ("Hartt"), an official within the Social Security Administration, and an affidavit by plaintiff (D.E. 14-1). Because these documents contain information not referenced in the complaint, the court cannot consider them under the Rule 12(b)(6) standard. *See, e.g., Winkelman v. Comm'r of Soc. Sec. Admin.*, No. 3:11-CV-1926, 2012 WL 1684602, at *1 (N.D. Ohio 24 Apr. 2012), *report and recomm. adopted by* 2012 WL 1684597, at *1 (15 May 2012) (ruling that where the Commissioner submitted the declaration of a Social Security Administration employee in support of a 12(b)(6) motion to dismiss an appeal as untimely, the court could not consider the Commissioner's motion to dismiss but rather only the alternative motion for summary judgment under Rule 56). Rather, the Commissioner's motion must be deemed one brought for summary judgment under Rule 56. *See, e.g., Triplett v. Heckler*, 767 F.2d 210, 211-12 (5th Cir. 1985) (holding that the district court should have converted the Commissioner's 12(b)(6) motion to dismiss a Social Security appeal as untimely to one for summary judgment under Rule 56 because it considered material outside the pleadings).

3

Before a court can convert a motion to dismiss to one for summary judgment, it must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because plaintiff submitted an affidavit in her response to the Commissioner's motion, presumably to rebut Hartt's declaration, the court concludes that plaintiff has been afforded a "reasonable opportunity" to present materials relevant to her response to the Commissioner's motion. *See Schooler v. Astrue*, No. CIV.A. 4:10-5026, 2011 WL 1233104, at *1 n.2 (S.D. Tex. 31 Mar. 2011) ("[B]ecause Plaintiff filed a response in opposition to the [Commissioner's motion to dismiss his appeal as untimely] and attached additional materials to his briefing, Plaintiff has been given a 'reasonable opportunity' to present pertinent material as required by Rule 12(d).")

B.  **Summary Judgment Standard**

A motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party,

disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### C. Time for Appeal of a Final Decision of the Commissioner

Pursuant to § 405(g) of the Social Security Act ("the Act"), a claimant may obtain review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations under the Act ("the Regulations") provide more specifically that a civil action must be

> instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . . , except that this time may be extended by the Appeals Council upon a showing of good cause.

20 C.F.R. § 422.210(c). The Regulations further specify that "the date of receipt of [the notice] shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.* "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court." *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005) (citing *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2nd Cir. 1984)).

## III. ANALYSIS

Here, it is undisputed that the notice of the Appeals Council's denial of plaintiff' request for review was dated 12 May 2014. (*See* Appeals Council Notice 4). Further, Hartt, who states in her declaration that she is "responsible for the processing of [DIB and SSI claims] whenever a civil action has been filed in the State of North Carolina" (Hartt Decl. 1, ¶ 3), confirms that the notice was mailed to plaintiff on that date:

> On May 12, 2014, the Appeals Council sent, by mail addressed to the plaintiff at 3073 NC Hwy 58, Warrenton, NC 27589, with a copy to representative Mac Travis, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt.

(*Id.* ¶ (3)(a)). Hartt also states that she is "not aware of any request for an extension of time [by plaintiff] to file a civil action as specified in said notice and in [42 U.S.C. § 405(g)] . . . and in [22 C.F.R. § 422.210]." (*Id.* ¶ (3)(b)). Based on this evidence, the court concludes that the Commissioner has presented sufficient evidence to show that the presumptive receipt date of the notice was 19 May 2014,[4] such that plaintiff's deadline for filing her appeal was 18 July 2014.

---

[4] In calculating this date, it appears that the Commissioner excluded Saturday, 17 May 2014 and Sunday, 18 May 2014. However, there are differing views among courts as to the law that governs this calculation. While some courts have applied Fed. R. Civ. P. 6(a)(1), which excludes the last day of the filing period if it is a Saturday, Sunday, or a legal holiday, others have applied the Social Security Act's own provision, 42 U.S.C. § 416(j), which additionally excludes a "legal holiday, or on any other day all or part of which is declared to be a nonwork day for Federal employees by statute or Executive order." One court recently collected cases illustrating these varying rulings:

> It is not clear which rule applies to the filing of Social Security appeals in district court. *Compare Newman v. Bowen*, 85–CV–6581, 1986 WL 15585, at *1 (S.D.Fla. Dec. 24, 1986) (excluding a final Sunday pursuant to Rule 6(a)) *with Davila v. Barnhart*, 01-CV194, 2002 WL 484678, at *1 n.1 (S.D.N.Y. Apr. 1, 2002) (excluding a final Saturday and Sunday pursuant to section 416(j)); *Guinyard v. Apfel*, 99-CV-4242, 2000 WL 297165 at *3 (S.D.N.Y. Mar. 22, 2000) (excluding a final Sunday without citing authority); and *Marte v. Apfel*, 96-CV-9024, 1998 WL 292358, at *9 n. 2 (S.D.N.Y. June 3, 1998) (excluding Saturday, Sunday and Labor Day without citing authority). *See also Banks v. Astrue*, 73 Fed. R. Serv.3d 1477 (W.D. Ky. 2009) (holding that Rule 6 does not apply because "[t]he five-day grace period at issue in the present case is specified in a regulation," not a rule, court order or a statute).

*Kalin v. Astrue*, No. CIV.A. 13-7642, 2014 WL 1395069, at *2 n.2 (E.D. Pa. 9 Apr. 2014). Others courts have counted only five calendar days, with no exclusions for weekends or holidays. *See Harmon v. Astrue*, No. CIV.A. 3:09-0960, 2010 WL 1790440, at *2 (S.D.W. Va. 30 Apr. 2010) (counting only five calendar days from the date of

6

In her response to the Commissioner's motion, plaintiff contends that she did not receive the Appeals Council notice until 27 May 2014. However, she fails to allege any facts that would tend to rebut the presumption that she received the notice on 19 May 2014. Rather, plaintiff asserts only that she "should not be punished because the United States Postal Service delayed her receipt of the Appeals Council Notice." (Resp. 2). In her affidavit, she further fails to provide any explanation as to why she would have received the notice on 27 May 2014, stating only that she "did not receive notice from the Appeals Council denying my request for review of my denial of disability benefits by an [ALJ] until May 27, 2014." (Pl.'s Aff.).

Without more than her bare assertion that she received the notice on 27 May 2014, plaintiff has failed to present evidence rebutting the statutory presumption that she received it on 19 May 2014. Courts have consistently found that such bald assertions, "without more concrete evidence, are insufficient to rebut the statutory presumption." *Hunt v. Astrue*, No. 1:10CV141, 2012 WL 6761418, at *2 (M.D.N.C. 31 Dec. 2012); *see also Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (["[Plaintiff's] sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption that the notice was received five days after it was sent."); *Velez v. Apfel*, 229 F.3d 1136, 1136 (2d Cir. 2000) (holding that a "conclusory allegation" of non-receipt does not constitute the "reasonable showing to the contrary" required by the regulations); *Marte v. Apfel*, No. 96 Civ. 9024(LAP), 1998 WL 292358, at *2 (S.D.N.Y. 3 June 1998) ("[A] plaintiff must do more than merely assert that he did not receive the notice within five days."). The court concludes that plaintiff has failed to rebut the presumption that

---

the notice such that the presumptive date of receipt fell on a Saturday); *Allison v. Soc. Sec. Admin.*, No. 4:09CV89, 2010 WL 1224874, at *2 (E.D. Va. 23 Feb. 2010), *report and recomm. adopted by* 2010 WL 1228047, at *1 (E.D. Va. 29 Mar. 2010) (same, with the presumptive date of receipt falling on a Sunday). Nevertheless, the court need not resolve this issue here because even if the receipt date is calculated without the exclusion of the weekend days, yielding a receipt date of 17 May 2014, plaintiff's complaint was still filed after the corresponding deadline of 16 July 2014.

7

she received the notice on 19 May 2014, such that her commencement of this action on 22 July 2014 was untimely. Accordingly, there is no genuine issue of material fact as to whether plaintiff's action was timely filed, and the Commissioner's motion for summary judgment should be allowed.

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's motion (D.E. 12) for summary judgment be GRANTED and that this action be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 28 October 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 14th day of October 2014.

James E. Gates
United States Magistrate Judge